JOHN BEAN *et al.,* appellants, *v.* JOHN DOE, *ex dem.* JAMES McNUTT *et al.,* appellees.

*Appeal from Adams.*

EJECTMENT, in the Adams Circuit Court, brought by the appellees against the appellants, and heard before the Hon. Norman H. Purple and a jury, at the April term 1846.

At the trial, the defendants below offered to read in evi- dence an Auditor's deed, executed in the usual form, to Walter Mead, for the premises in controversy, reciting that said premises had been sold on the 4th day of January, 1832, for the taxes of 1831, and dated December 19, 1845. The plaintiffs objected to the introduction of the deed in evi- dence, denying the right of the Auditor to make deeds after the passage of the Revenue Act of 1833. The Court sustained the objection, when a verdict and judgment were rendered for the plaintiffs.

This case was argued in connection with the preceding case.

Bean *et al. v.* McNutt *et al.*

*O. H. Browning & N. Bushnell,* for the appellants.

*A. Williams,* for the appellees.

The Opinion of the Court was delivered by

WILSON, C. J.   This was an action of *ejectment* for the recovery of the south west quarter of section eleven, in township thirteen south, range eight west of the fourth principal meridian.   Upon the trial of the cause, the defendant offered in evidence a deed executed by the Auditor of the State of Illinois, for this quarter section of land, but the Court refused to permit it to be read in evidence.   To this opinion of the Court the defendant excepted, and now assigns the same for error.   Several other errors are assigned, but the Court declines expressing an opinion upon them, as its decision upon this one will dispose of the case.

There was no objection made to the deed except the want of authority in the Auditor to make it.   The deed is in all respects like the one given in evidence in the case of *Bruce* v. *Schuyler,* ( *ante* 221,) decided at this term, which was a deed made by the Auditor for land sold for taxes under the Act of 1827, but not executed until 1845, after the Act of 1833, which is contended repealed the power conferred upon the Auditor to make the deed, went into operation.

The same question, therefore, arises in this case, as to the power of the Auditor to make this deed, that was made in the case referred to, and it was agreed by counsel that the decision of that case should decide this also, and the deed was held to be valid, and sufficient to confer title in that case.   The decision of the Court, in refusing to permit the deed to be read in evidence in this case, must for that reason be reversed, and the cause remanded with directions to the Circuit Court to re-hear the case in accordance with this opinion.

*Judgment reversed.*